UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN E. ALEXANDER,<br><br>        Petitioner,<br><br>    v.<br><br>C. DUCART, *Warden*,<br><br>        Respondent. | Case No. LA CV 16-8566 MWF (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, [Dkt. No. 1], the Magistrate Judge's Report and Recommendation ("R&R"), [Dkt. No. 6], Petitioner's Objections to the Report and Recommendation ("Objections"), [Dkt. No. 9], and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally reiterate the same arguments made in the Petition, and lack merit for the reasons set forth in the R&R. There are three issues, however, that warrant brief discussion here.

**A.    Later Limitations Period Accrual Under 28 U.S.C. § 2244(d)(1)(B)**

First, Petitioner argues that the California Court of Appeal created an "impediment [to Petitioner's filing of a timely federal habeas petition] by state action" by failing to rule on Petitioner's "Motion for Leave to File Supplemental Brief Based on [Ineffective Assistance of Counsel]" and "Motion for a Decision" regarding the

1

same (the "Motions"). (Objections at 2-3.) As such, he claims that such inaction delayed his ability to timely file his federal habeas petition, warranting a later limitations period accrual date under 28 U.S.C. § 2244(d)(1)(B). (Objections at 3.)

Under 28 U.S.C. § 2244(d)(1)(B), the one-year limitations period starts on the "date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Notably, "[s]ection 2244(d)(1)(B) delays accrual of the limitations period when a petitioner shows a causal connection between a state impediment and an untimely petition." *Barth v. Lackner*, 2016 WL 4726565, at *3 (C.D. Cal. Jan. 27, 2016).

Preliminarily, although Petitioner claims to have filed the Motions with the California Court of Appeal on July 19, 2013 and January 1, 2014, respectively, there is no record of the Motions on the California Court of Appeal online docket. *See* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2022205&doc_no=B243170. Instead, the docket indicates that the California Court of Appeal affirmed Petitioner's judgment and conviction on February 5, 2014.[1] *See id.*

Assuming, *arguendo*, that Petitioner did file the Motions, 28 U.S.C. § 2244(d)(1)(B) is still inapplicable because Petitioner had an opportunity to: (1) raise the arguments presented in those Motions on collateral review, during which time the limitations period would have tolled; and (2) subsequently file a timely federal habeas petition. *See* 28 U.S.C. § 2244(d)(2); *Randle v. Crawford*, 604 F.3d 1047, 1055 (9th Cir. 2010) (rejecting argument that a later accrual date under § 2244(d)(1)(B) should apply because "[petitioner] does not explain why he could not file his state habeas petition while awaiting the outcome of his request for leave to file an out-of-time direct

---

[1] Relatedly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because he fails to show how two motions that are not tracked or mentioned on the California Court of Appeal online docket, and that are part of a case that has already been decided, are "properly filed" motions that toll the limitations period. *See Fernandez v. McEwen*, 2012 WL 15059, at *4 (E.D. Cal. Jan. 4, 2012) ("Petitioner has not met his burden of showing that the running of the statute was tolled by the pendency of a properly filed state petition.").

appeal"). As such, Petitioner fails to show any causal connection between an alleged state impediment and his untimely Petition. *See Barth*, 2016 WL 4726565, at *3.

Accordingly, 28 U.S.C. § 2244(d)(1)(B) does not save Petitioner's untimely Petition.

**B.     Later Limitations Period Accrual Under 28 U.S.C. § 2244(d)(1)(D)**

Second, Petitioner argues that "new documentary evidence" in the form of a notarized and signed declaration indicates that Petitioner is entitled to a later limitations period accrual date under 28 U.S.C. § 2244(d)(1)(D). (Objections at 6-7.)

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period starts on "the date on which the factual predicate of the [claim(s)] presented could have been discovered through the exercise of due diligence." Notably, "the limitation period begins to run from the date the factual predicate of the claim could have been discovered, not from the date evidence to support the claim is obtained." *Mora v. Almager*, 2012 WL 845920, at *4 (C.D. Cal. Jan. 23, 2012); *see also King v. McEwen*, 2011 WL 6965657, at *2 (N.D. Cal. Dec. 6, 2011) ("The factual predicate of a claim is based on a habeas petitioner's knowledge of the facts supporting the claim, and not the evidentiary support for the claim.").

Petitioner references a declaration ("Declaration") written and signed by Amy DeSantis ("Ms. DeSantis"), the daughter of the woman who: (1) Petitioner gave a stolen credit card to; and, together with Petitioner, (2) used the credit card to fraudulently purchase items at a store. *See People v. Alexander*, 2014 WL 462031, at *4 (Cal. Ct. App. Feb. 5, 2014); (*see also* Objections at 6-7); [*see also* Dkt. No. 1-1 at 2; Dkt. No. 1-2 at 32, 34]. Specifically, the Declaration, dated April 6, 2013 but received by Petitioner in August 2015, states that: "[I]n November 2010[,] [Petitioner] and I were walking up foothill Blvd. On the bus bench between Oro Vista and [E]ldora I s[aw] a wallet. I pointed it out to [Petitioner]. Told him to grab it. Then we walked to my mom[']s motorhome later that evening[.] Steve and my mom went shopping." [Dkt. No. 1-2 at 34.] According to Petitioner, his trial attorney's inability

3

or unwillingness to find Ms. DeSantis and get this statement from her at the time of the trial constitutes "deficient performance," and is the basis for a later limitations period accrual date under 28 U.S.C. § 2244(d)(1)(D). (*See* Objections at 60); [*see also* Dkt. No. 1-1 at 2].

Notably, however — to the extent that Petitioner claims that the Declaration is trustworthy and somehow exonerates him — Petitioner knew of the alleged facts described therein during trial and before his 2012 conviction, as they took place in "November 2010." [Dkt. No. 1-2 at 34.] Indeed, Petitioner admits that he has been attempting to retrieve the Declaration since 2011. (Objections at 6.)

As such, Petitioner was invariably aware of the factual predicate for his ineffective assistance claim (*i.e.*, his attorney's failure to investigate statements by, or obtain a declaration from, Ms. DeSantis) since at least the time of his trial, rather than in August 2015 when he allegedly received the Declaration. [Dkt. No. 1-1 at 2.] He therefore could have raised such a claim on direct appeal or on habeas review. *See Sanchez v. Beard*, 2014 WL 2094288, at *3 (C.D. Cal. Feb. 10, 2014) ("[P]etitioner could have raised his ineffective assistance of counsel claim without possessing evidentiary proof.").

Accordingly, a later accrual date under 28 U.S.C. § 2244(d)(1)(D) is inapplicable, and the Petition remains untimely. *See Mora*, 2012 WL 845920, at *4; *King v. McEwen*, 2011 WL 6965657, at *2 (N.D. Cal. Dec. 6, 2011) ("If [declarant]'s account was true, [petitioner] knew long before trial that there was a witness to his last encounter with the victim. [Petitioner] does not qualify for the one year limitations period to start from when he received [declarant]'s declaration because he had known about the factual predicate of any claim based on his innocence [] for over 18 years . . . .").

//

//

4

C. **Actual Innocence**

Third, to the extent that Petitioner argues that his untimely Petition should be considered on the merits because he is actually innocent of burglary (Count 2), (*see* Objections at 6-7), this argument fails.

As a rule, in "rare" cases, a petitioner's claim of "actual innocence" may "serve[] as a gateway through which a petitioner may pass," notwithstanding the expiration of AEDPA's one-year limitation period. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, a credible claim of actual innocence requires a petitioner to "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. To succeed, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in . . . light of the new evidence." *Id.* at 327.

Here, the Court finds that the Declaration provided by Petitioner is "not new reliable evidence" of Petitioner's actual innocence for three reasons:

- Declaration Is Insufficient: First, the Declaration is facially insufficient to establish that Petitioner is actually innocent of the burglary charge for which he was convicted (Count 2). For example, the Declaration describes events that took place in November 2010, [Dkt. No. 1-2 at 34], whereas the underlying burglary occurred in October 2010. *See Alexander*, 2014 WL 462031, at *1. Moreover, even if the Court were to charitably construe the Declaration as describing events that took place on the same day as the burglary, such events merely indicate what additional activities Petitioner may have engaged before or after the robbery. They do not negate or undercut the jury's finding that "[Petitioner] was the burglar of the [victim's] residence," especially in light of the "substantial evidence" put forth by the prosecutor and described by the California Court of Appeal. *See Alexander*, 2014 WL 462031, at *4.

- Declaration Is Vague: Second, the Declaration is too vague to sustain an actual innocence claim. Among other things, Ms. DeSantis fails to mention: (1) whose wallet she and Petitioner found; (2) whether there was a credit card inside that wallet; (3) whether that credit card was the same as the one that

5

was stolen from the victim's home; and, as mentioned above, (4) the exact date on which the events described occurred. [*See generally* Dkt. No. 1-2 at 34]; *see also Godoy v. Grounds*, 2013 WL 1869838, at *12 (C.D. Cal. Mar. 20, 2013) ("Given their lack of any facts or detail, [the] declarations resolve simply to bald assertions[,] devoid of support . . . . This is not enough to satisfy the demanding *Schlup* standard.").

- <u>Declarant's Reliability Is Questionable</u>: Third, Petitioner appears to be friends, or at least close acquaintances with, Ms. DeSantis and Ms. DeSantis's mother, as evidenced by the Declaration's allegations that: (1) Petitioner and Ms. DeSantis went walking together; (2) Petitioner took orders from Ms. DeSantis (*e.g.*, she ordered him to "grab" the wallet); and (3) Petitioner and Ms. DeSantis's mother went "shopping" together. [*See* Dkt. No. 1-2 at 34.] Such relationships call into question the Declaration's reliability. *See Barajas v. Lewis*, 2011 WL 665337, at *19 (C.D. Cal. Jan. 12, 2011) ("[T]he reliability of [declarant]'s declaration is questionable given that . . . [declarant] apparently is an acquaintance or friend of [Petitioner's gang].").

Thus, the Court finds that Petitioner failed to present the Court with "new reliable evidence" of his innocence, and is therefore not entitled to pass through the actual-innocence "gateway." *See Schlup*, 513 U.S. at 324.

//

//

//

//

//

//

6

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;

2. Judgment be entered denying the Petition and dismissing this action with prejudice; and

3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

DATED: February 1, 2017

                                          HON. MICHAEL W. FITZGERALD
                                          UNITED STATES DISTRICT JUDGE